UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STRIKE 3 HOLDINGS, LLC,<br><br>                         Plaintiff,<br><br>v.<br><br>JOHN DOE subscriber assigned IP address 72.220.65.159,<br><br>                         Defendant. | Case No.: 23-CV-1377-TWR-WVG<br><br>**ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO CONDUCT EXPEDITED DISCOVERY**<br><br>[Doc. No. 4] |

Pending before the Court is Strike 3 Holding, LLC's ("Plaintiff's) Motion for Leave to Serve a Third-Party Subpoena Prior to a Rule 26(f) Conference ("Motion").  Doc. No. 4.  In relevant part, Plaintiff moves the Court for an order permitting it to conduct discovery prior to the Rule 26(f) conference and serve a subpoena on third-party Cox Communications ("Cox") to ascertain the identity of an unknown individual who allegedly has infringed Plaintiff's copyrights.  Having reviewed and considered Plaintiff's submissions, the Court **GRANTS** Plaintiff's request to obtain discovery for the limited purpose of identifying Defendant's true name and address.  The Court elaborates below.

Rule 26(d)(1) of the Federal Rules of Civil Procedure bars litigants from engaging in discovery absent a court order prior to the Rule 26(f) conference. Fed. R. Civ. P. 26(d)(1).  At the same time, Rule 26(d)(1) is not absolute.  Courts carve out exceptions for

1

1  limited discovery where good cause is shown, for example where a plaintiff needs to "learn
2  the identifying facts necessary to permit service on the defendant." *Strike 3 Holdings, LLC*
3  *v. Doe*, 2017 WL 6389848, at *1 (S.D. Cal., Dec. 14, 2017); *Criminal Prods., Inc. v. Doe-*
4  *72.192.163.220*, 2016 WL 6822186, at *1 (S.D. Cal. Nov. 18, 2016).  To that end, district
5  courts within the Ninth Circuit employ a three-part test to determine whether limited
6  discovery to identify certain defendants is appropriate: whether plaintiff (1) identified the
7  missing party with "sufficient specificity such that the court can determine the defendant
8  is a real person or entity who could be sued in federal court;" (2) has described "all previous
9  steps taken to locate the elusive defendant;" and (3) has "establish[ed] its lawsuit could
10 withstand a motion to dismiss." *Id.* (citing *Columbia Ins. Co. v. Seescandy.com*, 185
11 F.R.D. 573, 578–80 (N.D. Cal., Mar. 8, 1999)).

12    Here, Plaintiff has made the requisite showing of good cause by (1) taking steps to
13 identify Defendant's internet protocol ("I.P.") address; and (2) employing informal
14 discovery methods involving internet research and consulting with computer investigators
15 and cyber security experts to discover Defendant's true name and address without judicial
16 intervention.  Doc. No. 4-2, ¶¶16–26.  *See Holdings, LLC, v. Collective of Dec. 29, 2011,*
17 *Sharing Hash*, 2012 WL 1648838 at *4 (S.D. Cal. May 4, 2012).  Further, Plaintiff sets
18 forth sufficient factual allegations as to each of the elements of direct copyright
19 infringement and shows the Complaint could withstand a motion to dismiss if one were
20 brought.  Specifically, Plaintiff pleads (1) it is the owner of a valid copyrighted work; (2)
21 Defendant downloaded and distributed Plaintiff's files; (3) Plaintiff did not consent to
22 Defendant's downloads or distribution of its files; and (4) Defendant "triggered a cascade
23 of technical operations, making Defendant the proximate cause of all of the violations of
24 Plaintiff's copyrights."  Doc. No. 4-1, 16:25–27.  Finally, Plaintiff's Motion demonstrates
25 a reasonable likelihood Plaintiff will be able to identify Defendant's true name and address
26 through a Rule 45 subpoena.  *Id.*, 17:11–22.  For these reasons, the Court finds good cause
27 exists to grant Plaintiff's Motion, consistent with certain procedural safeguards, set forth
28 immediately below.

Within ten (10) days of issuance of this Order, Plaintiff shall serve a subpoena pursuant to Rule 45 upon Cox that seeks to obtain Defendant John Doe's true name and address. No other information may be solicited through the subpoena. To that end, Plaintiff shall not use the disclosed information for any other purpose except to protect its rights through this litigation. Further, the return date of the subpoena shall allow for at least forty-five (45) days from service to production.

Next, within fourteen (14) calendar days of service of the subpoena, Cox shall notify Defendant John Doe of the subpoena as served by Plaintiff and its contents. Should Cox seek to quash the subpoena, it shall do so before the return date of the subpoena.

Finally, from the date of Cox's notice of subpoena to Defendant John Doe, Defendant John Doe shall have thirty (30) calendar days to oppose the disclosure of his/her true name and/or address by filing an appropriate pleading with this Court. Plaintiff shall serve a copy of this Court's Order with any subpoena served pursuant to this Order to Cox. Cox shall then provide a copy of this Order to Defendant John Doe concurrent with its notice of Plaintiff's Rule 45 subpoena to Defendant John Doe.

**IT IS SO ORDERED**.

Dated: August 11, 2023

Hon. William V. Gallo
United States Magistrate Judge